# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TERRY L. WIKE, BAR NO. 7211

No. 81340

**FILED**

OCT 03 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Terry L. Wike be suspended for six months, with the suspension stayed for two years subject to certain conditions based on violations of RPC 1.15 (safekeeping property).[1]

The State Bar has the burden of showing by clear and convincing evidence that Wike committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact that Wike violated RPC 1.15 (safekeeping property) as those findings are supported by substantial evidence and are not clearly erroneous. *See* SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). Wike made numerous small transfers of client funds from his trust account to his personal and operating accounts, creating a shortfall in his trust account. As a result, Wike failed to promptly disburse funds to a client and the client's lienholder, and he instead waited until he received a settlement on behalf of another client to make the payments. He either used the second client's funds or fees he had earned in relation to the second client to pay the first client and the first client's lienholder. Because he did not withdraw

---

[1]Pursuant to NRAP 34(f), we have determined that oral argument is not warranted in this matter.

20-36992

his earned fees in relation to the second client from the trust account, he commingled his property with client property. Additionally, he paid a third client out of the trust account when no funds belonging to the third client were in that account, which meant he either used a different client's funds or his earned, but not withdrawn, fees to pay the third client. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Wike violated RPC 1.15.

This court determines the appropriate discipline de novo. SCR 105(3)(b). In doing so, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Wike violated a duty owed to his clients (safekeeping property). Substantial evidence supports the panel's finding that Wike acted knowingly as he made numerous small transfers of client property to his operating and personal account and then failed to transfer his earned fees from the next client in an effort to cover the amounts he had taken. Substantial evidence also supports the panel's findings that Wike's misconduct harmed his first client and the legal profession. While Wike eventually paid the first client, her funds were misappropriated. Because substantial evidence supports the panel's finding that Wike knowingly converted client funds to benefit himself, the baseline sanction before consideration of aggravating and mitigating circumstances, is disbarment, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

The record supports the panel's finding of two aggravating circumstances (pattern of misconduct and substantial experience in the practice of law) and one mitigating circumstances (timely good faith effort to make restitution or to rectify consequences of misconduct). While the panel concluded that the mitigating circumstance of no prior discipline also applied, we conclude it does not. Between the time the panel heard this matter and when it entered its written recommendation, this court suspended Wike for two years with all but the first three months stayed, for the same type of misconduct at issue in this matter.[2] *In re Discipline of Wike*, Docket No. 79305 (Order of Suspension, Feb. 27, 2020). Additionally, the underlying misconduct occurred during the time Wike was cooperating with the State Bar's investigation into the conduct addressed in Docket No. 79305, so Wike was on notice that his actions regarding his trust account were inappropriate. Also concerning is that Wike's misconduct here occurred in relation to a new trust account that he began using during the State Bar's investigation in Docket No. 79305, which concerned his old trust account.

Considering all of the factors, we disagree with the panel that a stayed six-month suspension with a two-year probationary period subject to conditions would serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession). Considering Wike's substantial experience in the practice of law, his insistence that his misconduct is not serious, and his improper use of the new trust account while the same type

---

[2]It is unclear why the panel did not consider this suspension in its written order.

of improper use of his old trust account was being investigated, we conclude an actual suspension is warranted. We recognize that the baseline sanction for Wike's misconduct is disbarment but conclude that a downward deviation is warranted in light of the mitigating circumstance that Wike has ensured that all clients and lienholders involved have been paid.

Accordingly, we hereby suspend attorney Terry L. Wike from the practice of law in Nevada for six months and one day, commencing from the date of this order. Upon his reinstatement, in addition to any conditions recommended by the reinstatement panel, Wike will be subject to the remainder of his stayed suspension from Docket No. 79305 and will be subject to the conditions on that stayed suspension. Additionally, Wike shall pay the costs of the disciplinary proceeding, including $2,500 mandated by SCR 120(3), within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.        _____, J.
Gibbons                                            Hardesty

_____, J.        _____, J.
Parraguirre                                        Stiglich

_____, J.        _____, J.
Cadish                                             Silver

cc: Chair, Southern Nevada Disciplinary Board
Terry L. Wike
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A